Your Honor, I'd like to introduce my student Kylie Barnhart from the West Virginia University College of Law. She will be arguing on behalf of Mr. Martin in the first case today. Thank you. Ms. Barnhart May it please the Court, This Court shall reverse the lower court's dismissal of Mr. Martin's complaint and remand the case for further proceedings for three reasons. First, Mr. Martin clearly pleaded a First Amendment retaliation claim by pleading that he suffered an act of reprisal and retaliation for filing a grievance. Second, Mr. Martin clearly pleaded both a dupe Can I just stop you on the first one? I just want to make sure I understand. Your position is that it was adequately pled, this First Amendment retaliation claim, and nobody addressed it below? Yes, Your Honor, that is correct. If that's true, doesn't that mean we don't have jurisdiction because there's no final order? So we should just dismiss this appeal for want of jurisdiction? The effect would be the same. It would go back to the district court with instructions to consider the retaliation claim. First of all, that would be prejudicial to Mr. Martin. He has already filed a complaint and an amended complaint in an earlier action as well as a complaint, a sworn affidavit, and an amended complaint in the current action. So it would undermine judicial economy to make him go back and file an additional amended complaint. And Mr. Martin did properly He wouldn't have to file anything. It would just go back to the district court, and the district court would now have to address all of the claims in the complaint that's already been filed. But Mr. Martin has already properly pleaded his First Amendment retaliation claim, so he shouldn't have to go through that additional step. He pleaded that he suffered an act of reprisal, harassment, and retaliation simply because he filed a grievance that Captain Duffy did not like. And he pleaded that at Joint Appendix page 5, 6, 43, and 44. And based on Mr. Martin's status as a pro se litigant and the liberal construction that is to be afforded to their pleadings, this statement, along with the detailed series of events pleaded by Mr. Martin, were more than enough to put the district court on notice that he was asserting a First Amendment retaliation claim. And the district court erred in failing to address it as such. And on the merits, Mr. Martin has pleaded every element of a First Amendment retaliation claim. He pleaded that he was engaged in a protected First Amendment activity. This court in Booker v. South Carolina Department of Corrections, as well as several district courts within this circuit, have recognized that inmates do have a First Amendment right to be free from retaliation for filing a grievance. So what are you saying to us? First of all, we all agree, I think, that typically when a matter is dismissed without prejudice, that simply says you can come back to that same court. Are you now saying to us that it would not be of any value to go back to the court because it couldn't be amended to change what he already has there any differently? No, Your Honor. This court has held in Domino Sugar v. Sugar Workers Local Union that a dismissal without prejudice can be a final and appealable order if it was final in fact. That sounds like just what I just said. I'm sorry, Your Honor. I must have misunderstood your question. Well, since the district court did not even address Mr. Martin's First Amendment claim, it didn't point out any deficiencies that could have been cured through a further amendment of his complaint. And as I just stated, he has properly pleaded each element as well as the elements of the other claims. And as to Mr. Martin's, the jurisdiction on Mr. Martin's due process claim, the district court dismissed it as a matter of law based on the erroneous legal holding that South Carolina law confers no liberty, interest, and remaining in the general population. Therefore, the district court did not point out any factual deficiencies that could have been cured by an amended complaint. And the same for the equal protection claim. Mr. Martin properly pleaded that he was treated differently from other inmates who had also filed grievances related to unwanted touchings and batteries. And the district court did not point out any specific facts that could have been alleged in an amended complaint. And the equal protection claim is so closely intertwined with the other two claims. Can I ask you about the second prong of the equal protection claim,  Yes, Your Honor. I'm going to assume for a minute that I agree that the complaint does enough to allege the differential treatment. But what's the purposeful discrimination that's alleged in the complaint? The fact that Mr. Martin had filed a grievance when other people had filed grievances specifically related to unwanted touchings and batteries and were not placed in SMU, Mr. Martin is alleging that that is sufficient to show. I thought that was the differential treatment. Other people who file complaints don't get put in segregation, and your client did. So that's the differential treatment. But how can that also be the purposeful discrimination? Do you know what I'm saying? Yes, Your Honor. But here, Captain Duffy's motive for his placement is a question of fact to be determined at trial. And Mr. Martin at this stage has pleaded that there was some ill intention or it was in payback retaliation for his filing of that grievance. But it can't be because that doesn't differentiate him from the other people. Do you know what I'm saying? I'm really having trouble trying. I agree. I read the complaint also to say, one, I was treated differently than all these other people who file complaints and weren't put in segregation. Fine. But then, two, and the reason I was put in segregation is because I filed a complaint. And I guess that doesn't do anything to sort of explain. That can't be the explanation because the whole premise, the first prong, is that's not usually what happens when people file complaints. Right. But our position is that it was, there was ill intentions or this intentional discrimination against him simply because, and Mr. Martin has stated in other conversations that this had become such a notorious act in the prison and his filing of this grievance was such a notorious event. Something about his particular grievance. Yeah, the particular grievance against, originally against Sergeant Rogers. And Mr. Martin has also pleaded throughout his complaint that there were other incidents that occurred. For instance, the joint appendix, page 11, the incident report against another prison official, and he was not placed in segregation or any sort of different area based on that allegation. So even in that sense, he, in this case, was placed in segregation simply because he filed a grievance against Sergeant Rogers and Captain Duffy did not like it. And that's Mr. Martin's position here. And so Mr. Martin's Discrimination is not discrimination. Retaliation in and of itself does not lead to the discrimination basis here, does it? It's that other prisoners who had also filed grievances specifically related to unwanted touchings and batteries were not placed in SMU, so his placement was discriminatory against him. It doesn't matter whether they were or not, does it? I'm sorry, Your Honor? It doesn't matter whether they were other people who filed grievances, were placed in segregation or not to his claim, does it? He doesn't have to prove that differential, does he? But Mr. Martin has pleaded that differential. You have to be careful. The point is that's not the differential. It's not everyone who had a grievance retaliated against were placed in segregation. That wouldn't diminish his claim, would it? No, Your Honor, but it strengthens his equal protection claim. Exactly. So you have to be careful. Judge Harris questions what is the differential in terms of does it merge with the discrimination. Your point is that it does not. You have to argue your own case, but you have to be very careful how you're parsing that. Yes, Your Honor. And furthermore, Mr. Martin has also pleaded that he remained in SMU for 110 days as a result of his initial grievance and didn't receive any sort of update on the initial grievance that he filed. And as to his due process claim, the South Carolina Department of Corrections policies provide that he was to receive a 72-hour review, a seven-day review, as well as a 30-day review to determine whether he was to remain in segregation. And those policies can be found at the reply addendum at 17 and 18. And to be clear, Mr. Martin did not receive any of those review procedures. And furthermore, only an extension of up to 30 days could have been granted by the warden. And again, Mr. Martin remained in segregation for 110 days without receiving any sort of review or hearing. And he pled that at Joint Appendix page 6 and 20. Going back to the First Amendment claim, Captain Duffy is not entitled to qualified immunity on that claim. First of all, it was not addressed by the district court. Therefore, this court should not address it today. And Captain Duffy only raises the defense of qualified immunity as to Mr. Martin's First Amendment retaliation claim. What makes this clearly established to satisfy that problem? The Supreme Court has made that pretty much a straight process, even if it is a misperceived problem. What makes this a clearly established matter? This court in Constantine v. Visitors and Rectors of Georgia Mason University held that the First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right. And this court in Booker and several district courts have applied Constantine in the prison context and recognized that inmates do have a First Amendment right to be free from retaliation for filing a grievance. Moreover, after the enactment of the – Can I just slow you down for a minute? You're saying there's Fourth Circuit law saying that retaliation based on the filing of a prison grievance is a First Amendment problem? District courts such as Kendrick v. Bishop have stated that Booker v. South Carolina Department of Corrections signals that this right now exists. I thought that the district courts also had said, but this is an open question in the Fourth Circuit. The Fourth Circuit hasn't reached this issue yet. Haven't the district courts acknowledged that? Some district courts have, but Bishop – Isn't that a problem for the clearly established standard if everyone is running around saying, here's an open question in the Fourth Circuit? These cases that also discuss qualified immunity in this context did not look at the Prison Litigation Reform Act. And after the enactment of the Prison Litigation Reform Act, which requires inmates to exhaust all prison grievance procedures before filing suit, that makes it even more clear that the right does now exist in the Fourth Circuit because prisoners do have to exhaust all grievance procedures before they're able to file a lawsuit. Let's assume – let's just take the position this is not clearly established in the Fourth Circuit, notwithstanding there are cases that have gone one way, unpublished, or whatever. But if it is established in other circuits to a significant degree, does that lead us to allow us to then say this is a clearly established law that would require qualified immunity not to exist? I'm sorry, did you say it should or should not? I mean, in other words, if the basis does not lie in the Fourth Circuit nor the Supreme Court, may we find such a basis for a clearly established right by a consensus of opinion from other circuits? It should weigh in on the decision. There's not a specific case holding that. However, it is our position that – I'm a little slow on Tuesday morning. We're starting. But you are saying there's no case that says what I just said, that is that the consensus of the law in other circuits does not make a right clearly established in a circuit where it has not been so held. I do not have that specific case dealing with other circuits in front of me today. But as you have pointed out, the Eighth Circuit in Hill v. Lapan and the – excuse me, the Eighth Circuit in Santiago v. Blair and the Sixth Circuit in Hill v. Lapan and the – Well, that wouldn't matter if you could have every one of the others going. If the Fourth Circuit hasn't held it to be clearly established, if there's no basis for saying it's clearly established here, then it would be of no consequence. But it is our position that Constantine, which provided this broad principle that was not limited to the higher education context, does just that. It makes the law clearly established. It was not limited to any specific case. And the fact that there are other district courts and other – and this court itself that have applied that Constantine case in the prison context shows that it is a clearly established law. And even the case that was brought up in the 28J letter, Hogan v. Carter, has no bearing in this case because it was decided under the old Local Rule 36C where the court could not even cite unpublished opinions. And the unpublished opinions that the court looked at in the Hogan v. Carter case that the plaintiff put forward, the court said, were only arguably relevant to the case at hand in that case. And here it's completely different. As I've already stated, we have Constantine and the other circuit courts of appeals that have specifically recognized this right, as well as this court and several district courts that recognize the specific right in the prison context. Furthermore, the issues raised by Mr. Martin on appeal were properly preserved for appellate review. Captain Duffy completely ignores Mr. Martin's amended complaint that was attached to his objections to the R&R. And given Mr. Martin's status as a pro se litigant, it should not matter that his objections came in the form of a document titled amended complaint rather than a document titled objections to the R&R. And in his amended complaint, he restated that he suffered an act of retaliation for filing a grievance, that his due process rights were violated by being placed in segregation without review and by treating him differently from other similarly situated individuals. So Mr. Martin, this court does have jurisdiction in this case today. Again, I would like to remind the court that Mr. Martin's complaint and his amended complaint are to be liberally construed. And Mr. Martin has pleaded sufficient facts for a First Amendment retaliation claim, a due process claim, as well as an equal protection claim. And if there are no further questions, I will sit before rebuttal. Thank you, counsel. Mr. Lindemann. Thank you, Your Honor. May it please the court, my name is Andrew Lindemann. I represent the appellee Susan Duffy. And at the outset, I want to note that this case obviously comes before this court in somewhat a strange procedure. The appellant has argued about the dismissal as based upon a motion to dismiss. Obviously, that's not the posture of the case. It's before this court based upon a dismissal under Section 1915A. Process was never even issued in the lower court, and Captain Duffy was never served and is making her appearance for the first time in this particular court. And that's significant for several reasons, but primarily of which there are some significant issues of appellate jurisdiction that I submit that this court needs to deal with from the outset. What's the significance of process not being issued from a jurisdictional point of view? I guess it's significant from the point when I get to the qualified immunity as an additional argument in support of what the magistrate judge ruled and ultimately the district court adopted. The question is this wasn't raised in the lower court. They also complained that Captain Duffy hasn't raised qualified immunity as an affirmative defense. Captain Duffy hasn't answered in the lower court. She hasn't even been served. So I think it's absolutely appropriate for qualified immunity to be raised at this instance given the posture of the case. And I'll get to that in a moment, if Your Honor will allow me, basically to address a couple of threshold appellate jurisdiction issues. Number one, I think it's quite clear in looking at the record that Mr. Martin never preserved his right to appellate review, certainly not on any type of First Amendment retaliation claim or any due process claim. He did file objections. The objection that was filed was limited to the equal protection claim. He simply stated in one conclusory sentence that the basis for his equal protection claim, there were no other objections that were asserted. The district court seems to have treated him as having just objected generally. The district court didn't sort of parse out the claims and say I have an objection to one claim but not to the others. I mean, the district court just said he objected and I'm affirming. That's correct. I mean, he did say there were objections that were filed and then ultimately adopted the report and recommendation. Did he really go behind that? Well, I mean, bottom line is it's still certainly, certainly within this court's discretion to be able to look at those objections. The objections only do address a equal protection claim and it's not even an appropriate objection. It does not specify any error that was actually made by the magistrate court. But it's a little bit odd, isn't it, to have to object to something that the district court, I'm sorry, that the magistrate didn't do? I mean, the notice that these pro se plaintiffs get is I want to make sure I get this right, but it's that you have to identify specifically the part of the magistrate report with which you disagree. But it's a little bit hard to expect a pro se litigant, isn't it, to say, okay, there's actually no part on the retaliation claim. There's nothing in there that I could disagree with because the magistrate just didn't reach my claim at all. Do you know what I'm saying? That's a sort of odd posture for an action issue. Well, I would suggest that that would be, if that's the argument, that would be clearly an objection that one would want to raise, that we have asserted, that I have asserted a cause of action that the magistrate judge hasn't even adjudicated, hasn't even looked at. Of course, part of that problem is if you look at the complaint, it doesn't allege a First Amendment retaliation claim. I mean, there's no reference whatsoever to the First Amendment in the complaint. And that's not necessary, right? That's not necessary. But, of course, certainly the magistrate judge didn't interpret it as raising a First Amendment retaliation claim. And, ultimately, that should have been raised by a specific objection. It does say, right, it says an act of retaliation. It uses the term of art, an act of reprisal, harassment, and retaliation because the plaintiff attempted to formally resolve a grievance. I mean, I don't really know what more. It's the whole gist, and it's also really the whole gist of the complaint. Well, the magistrate judge does, well, first of all, he addresses it as a due process and equal protection claim. He also does reference Adams v. Rice, which, at least it's our position, would be precludes any type of constitutional claim dealing with a grievance procedure, which would include a First Amendment claim. But the bottom line is none of that is asserted in the objections. None of that was decided by the district judge. If this Court applies Thomas v. Arnn and this Court's long history of addressing the necessity of specific objections. We have a few facts here that are different. One, this is a pro se plaintiff, and we have said that when we deal with pro se plaintiffs, particularly in this type of a setting, we do tend to be a little bit more liberal. That's pretty well set out. It doesn't mean that they escape the technical requirements. We also say, to an extent in published opinion, that the reason for this objection or finding is so that the district court can reasonably act with some degree of understanding as to what the objection is all about. It doesn't appear the district court was, you know, confounded here to any degree. I mean, at least you've got to notice you not only have the reference to equal protection, you have the amended complaint actually attached to it. And in that amended complaint, he then goes back and restates all those original facts there. It's not pretty. You're right. Technically, if you held them right to the line of it, it just would not fit on all fours. But the question is, does it reasonably alert the district court to the true ground for the objection? And when it comes here, we tend not to be so much of a technocrat on this sort of thing. We get right to it. And there may be bigger issues in this case that you can rest upon rather than this. And I recognize that Your Honor didn't appoint counsel and set oral argument because this case wasn't properly objected to. But I believe that if you apply the case law appropriately in this case, there is no appellate jurisdiction. And let me make one more point, then I'll move on. This whole idea that he filed an amended complaint with his objections, if you carefully look at that amended complaint, it reads word for word. About 90% of it is word for word from the original complaint. And the slight changes on that last page of that amended complaint are immaterial. I mean, they don't make any significant change. And it certainly doesn't point out to the district court what he complains. Well, if he finds jurisdiction, does that mean you now lose? No, I don't suggest that at all. Well, I mean, bottom line is, you know, one of the things, obviously, this Court needs to make certain is that it has appellate jurisdiction. And real quickly, there's a second argument for it. The same issue, the same case has come up before this Court previously. Mr. Martin filed an almost identical complaint in 2015. Master Judge Rogers issued an identical report and recommendation, and Judge Norton dismissed it. It came before this Court, and in 2015, a three-judge panel of this Court, it's a different panel than, of course, what I have in front of me, even though Judge Harris was on it, found that there wasn't appellate jurisdiction for the case and based that upon the Domino Sugar case and found that, ultimately, because it was a dismissal without prejudice, it was that the plaintiff had the opportunity to amend his complaint to attempt to cure any issues. Well, isn't his complaint in it differently than what he has there that would confer jurisdiction here? In essence, his complaint is the same here. Again, it's not word for word the two complaints are the same, but when he refiled this lawsuit. What more could he do? Go back and amend when you give a chance to go back and amend, and that chance means nothing because there's really nothing you can amend. What can he do? Certainly, you can because, as the Magistrate Judge found and found appropriately, is that there weren't sufficient facts that were pled for the causes of action that were asserted. And, ultimately, if Mr. Martin is intending to bring a First Amendment retaliation claim, he needs to plead that and needs to plead the elements of that. You know, and then, ultimately, It goes to the dismissal with prejudice point, and that is, what if there are no more facts? Well, it wasn't a dismissal without prejudice. I mean, without prejudice. What if there are no more facts? What good is it going to do you to amend it is my question. Well, the bottom line is the Magistrate Judge found that there weren't sufficient facts, and I think under the Iqbal standard and under Rule 8a, too, there weren't sufficient facts that have been alleged. So whether there were sufficient facts, we don't just dismiss it saying you didn't, you know, because without prejudice you go back. That's a whole different basis. And I'm not saying the case gets dismissed. There's no appellate jurisdiction under the Domino Sugar case for this court to get involved at this juncture, just like you didn't in 2015. Can I ask you to address my jurisdictional concern? Sure. So Mr. Martin is alleging that there is a First Amendment retaliation claim properly pled, and I'm looking at the complaint, and it does say retaliation. It seems to be the gist of the complaint that nobody addressed below, and my understanding is that if that is the posture we're in, we have no jurisdiction because there's no final order. The district court hasn't finally resolved all of the claims in this case. Do you have any reaction to that? I think that's basically an offshoot of Domino Sugar as well. I mean, bottom line is there is no decision from the district court, final decision on the merits for this court to review. So ultimately, of course, part of the issue with the retaliation claim is that you also have the issue of whether or not the Fourth Circuit recognizes such a cause of action. So there may be jurisdiction, obviously, for the court if that's the purpose of this appeal. That's potentially the court has jurisdiction over determining whether such a cause of action exists. Which, you know, brings me to the merits of the case. Obviously, on the First Amendment retaliation claim, there is no decision, a published decision in the Fourth Circuit finding that there is a First Amendment retaliation claim in this particular context. Now, you do have the Adams v. Rice case where this court in 1994 addressed whether or not prison grievance rights give rise to any type of constitutional claim. What is your point here? Is your point to the second prong of the qualified immunity, or are you saying we should not recognize such an action? Well, I don't know that this is the appropriate case, number one, to recognize it. But certainly, if the court does recognize it, yes, Captain Duffy would be entitled to qualified immunity because clearly the law in this area is not clearly established within the Fourth Circuit. And I know Your Honor raised the question about, well, what about other circuits? And there are a number of circuits that have recognized such a cause of action in this context. However, the standard has always been in the Fourth Circuit. So be clear with me. Are you saying that we should not recognize it before we get to the qualified immunity aspect? Yes. I'm suggesting that Adams v. What would be the basis for us not to recognize it, being that every other circuit has looked at it has recognized it? Because my position would be Adams v. Rice prevents this court from, at least the panel of this court, from recognizing it. Obviously an en banc court can overturn Adams v. Rice and recognize it because Adams v. Rice had a retaliation component to it. In fact, the court talks about a claim of retaliation. The panel in Adams v. Rice talks about that there were four retaliatory acts. And then ultimately the court said, you know, quite simply that there, and this is the words, there is no constitutional right to participate in grievance proceedings. And then the ultimate holding of the court was the Constitution creates no entitlement to grievance procedures or access to such procedure voluntarily established by a state. So you're just talking about a grievance procedure. That's what Adams v. Rice is dealing with, a grievance procedure, right? But it goes beyond that because To me there is no such thing as a retaliatory type action for a prisoner in this context. Well, in Adams v. Rice there were allegations of retaliation. It says here, a claim of retaliation that fails to implicate any constitutional right lacks even an arguable basis in law and is properly subject to dismissal under Section 1915D. It says, next sentence, Pellant alleges defendant's retaliation was motivated by his request for protective custody. So there were retaliation claims that were asserted in Adams v. Rice. But I do recognize that other The basis in Adams v. Rice, that was not the holding there. And when you say we are bound by a case, we are only bound by that which another panel has said directly. Not, we don't infer. It also had a retaliation claim in it. That wasn't a holding in that case. It dealt with a grievance proceeding. It did not deal specifically with a finding that if a prisoner gives, a prison gives a prisoner a right to a grievance that they can't, and they retaliate against them, they can't bring an action. It's not the holding in Adams. Well, the holding in Adams, you know, I would respectfully disagree. The holding in Adams holds that any issue dealing with a grievance proceeding, which would include retaliation for holding that the Constitution does not create any rights associated with prison grievance. You are arguing to us that not only does the Fourth Circuit not recognize, has not recognized such a right, you are saying they have actually precluded it. I submit that Adams v. Rice goes that far. Has anybody said that other than you? Well, Your Honor, in the Booker case, well, we have no case law essentially in the Fourth Circuit. I don't know of anybody that said that. Have any other cases come out and said that, that there's no other, that we have precluded this right in Adams? No, that's, well, bottom line is we have essentially no case law in the Fourth Circuit dealing with retaliation cases in this context. You have Adams v. Rice, and then ultimately you have the Booker case. And the Booker case was unpublished, never addressed Adams v. Rice in that decision. And it was unpublished and came out 15 days after, or 15 days before the events in this particular case. And, of course, going back up. The unpublished case has no consequences. And that was the additional point. It's unpublished. It's not precedential. So, therefore, it doesn't give rise and make it clearly established. So, you can't hold Captain Duffy to the Booker case. So, other than Booker. See, now we're talking clearly established. Now we're talking clearly established. And that's why I asked you to differentiate. You know, one, are we talking about should it be a right? Second being, does it satisfy the second problem? That's right. And so my position is that Adams v. Rice precludes the right. Ultimately, if you disagree with that, and the Booker case did recognize such a right, but it's unpublished, so it's not precedent, didn't consider Adams v. Rice. If you're going to use this case to do that, ultimately there still should be no liability, as to Captain Duffy, because of qualified immunity. I know the Supreme Court has given us that green light to say that we just skip over that first one and just go right to the second one to see if it's clearly established. But does that really serve a good purpose? I mean, when you think about the fact that if something is not clearly established, you don't even have to determine whether or not there's a constitutional right there. You just go and say it's not clearly established. And by doing so, guess what? It's no longer still not clearly established. That's correct. You skipped over it. And if you do that every time, when in this circuit would it ever be determined whether this is a right or not a right? Well, I would submit to you that a case in this posture is probably not the case to be able to determine whether or not the court's going to recognize a right. There's been no factual development whatsoever. There hasn't even been an answer filed. When you do, you bring up the case and says I've been retaliated against by this person here as a public official. But, Your Honor, don't even reach it. Just say it's not clearly established. And the court does that, and that's the end of that case. How are you ever going to get it clearly established? Pearson does give the court that option. Now, there are many cases, obviously, out there where courts and, of course, before Pearson and Saucier, the Supreme Court had flipped and said you have to decide the first problem first. And then they backed off of that in Pearson. It seems like to me if you're going to, I can see the first time around it's not clearly established, and you go right to it, that makes sense. But why wouldn't you just say whether or not it is or not clearly established in an opinion? Again, that was the law briefly after Saucier v. Katz, but then Pearson gave the lower courts, of course, the option to jump to the second problem. In this particular case, whether you want to deal with the issue on the first problem, I don't know that this is a case that's on appeal from the dismissal under 1915A as the appropriate way to address it, number one. But number two, my main point is even if you do recognize such a cause of action and believe that it was appropriately planned and the magistrate judge erred in not considering it. A question of law or a question of fact as to whether or not there is such a right? Oh, that's a matter of law, Your Honor. Why wouldn't we address that? There's nothing factually different in the next case going to change that. That's a valid point. That's a valid point. But, of course, here, of course, you've got issues dealing with the way it's been alleged. And, you know, quite frankly, the actual allegations of this lawsuit is that he was being retaliated against for being put in segregation, in a holding cell. While it's really clear from the pleadings, and I think this is where the magistrate judge was going with this, and he was basing it also on the pleadings from the 2015 cases, bottom line is he was being put in a holding cell in order to preserve the integrity of the investigation. It was not in punishment. It was not in retaliation. And, in fact, you know, one of the interesting things is he submitted a sworn affidavit together with his complaint. This is at page 18 of the joint appendix. In paragraph 4, he actually says, on the morning of September 12, 2014, Captain Susan Duffy did place me on segregation to help maintain the integrity of an investigation. I mean, that's part of what was his complaint in this particular case. And, of course, he specifically pled that as well in the 2015 case. But bottom line is the law is not clearly established. If the court were to recognize such a right in this particular case, Judge Duffy, I mean, we've got a Judge Duffy in South Carolina, Captain Duffy is entitled to qualified immunity, and certainly it can be raised at this juncture of the case. In fact, one of the points under Section 1915A is you can look at whether or not the defendant is entitled to immunity, and courts do it all the time. I see my time is up. I haven't had a chance to address due process and equal protection to much of a degree. We rely on our briefs on those particular arguments. We would ask that the court affirm the dismissal of this case by the district court. Thank you, Your Honors. Thank you, Counsel. Ms. Barnhart. To begin, opposing counsel has not contested that Mr. Martin did not receive any of the review procedures required by state policies, and therefore Mr. Martin has properly pleaded a due process claim. And as to Judge Harris' question related to equal protection, although Mr. Martin has pleaded that he was treated differently because he was placed in SMU and other prisoners were not, it's clear here that there are other things going on. This was an African-American inmate placed in SMU by a white officer and was also assaulted. It is not alleged in the complaint. It is not alleged in the complaint. However, we have provided this information in our briefing, and based on a discussion that we have with our client, that is clear. But it is not in the complaint. What would be the significance of it if you provided in your complaint and argued to us, but you don't plead it, and now you say discrimination, are you saying racial discrimination? That is one potential. But it's also clear from the record that these assaults or these batteries were sexual in nature. Mr. Martin's previous complaint that was filed at Joint Appendix, or not his complaint, excuse me, the first inmate request at Joint Appendix, page 11, it's clear from that that that was also sexual in nature. So our point is that there – You're alleging sex discrimination? That we're saying that that could be a potential issue in this case. What would be the sex discrimination? Tell me what that is here. Based on some conversations that we've had with our client, we do believe that there could be some sort of sexual purpose behind these touchings based on his sexual orientation. But, again, that's unclear from the current record. Was that alleged in the complaint? It was not, Your Honor, no. And as to your question related to qualified immunity, Constantine and the other circuit court – Tell me what my question was. My mind slips from one moment to the next. Whether the other circuit courts of appeals should have any bearing on the qualified immunity issue in this case. And it's our position that – We've spent a lot of time on that. We can find that out. But I don't think that's pretty much a given. It's got to exist in the Fourth Circuit and the Supreme Court. I mean, we probably could nuance it if it was just a consensus all over the place. You don't quite have that here, I don't think, do you? We believe that with Constantine and the other circuit courts, there is overwhelming evidence that Captain Duffy or a person in her position, a reasonable person in her position, should have known that she could not retaliate against Mr. Martin for filing that grievance. Also – Now, Mr. Lindman says the Adams case precludes us from even determining whether this is a right. Because Adams pretty much says that in this context, a grievance of this sort does not give cause for retaliation. That is incorrect, Your Honor. First of all, I see that I'm running out of time. Can I respond to your question? Adams v. Rice has not been applied to foreclose retaliation-based claims. Adams v. Rice was an Eighth Amendment right-to-inform case where the issue was whether the inmate had a right to access the grievance procedures or had a right to have his grievance adjudicated in a certain way. And that's a different right than what Mr. Martin is asserting. He is asserting that once he filed a grievance on September 11th, that he had a right to be free from retaliation for doing so. And furthermore, the Prison Litigation Reform Act has called into question the viability of Adams because it does require that prisoners exhaust prison grievance procedures before filing suit. And Mr. Martin properly pleaded a First Amendment retaliation claim, and the Court dismissed the complaint as a whole. Therefore, the First Amendment claim was also dismissed, and this Court does have jurisdiction. For these reasons, we ask that this Court reverse the lower court's dismissal of Mr. Martin's complaint and remand the case for further proceedings. Thank you. Thank you, Counsel. Mr. Rosenberg, we note that you were court-appointed, and you also brought along with you a very able counsel, student counsel. Ms. Bonhart, thank you so much for your presentation. And on behalf of the Court, I thank you both because we couldn't do our work without the very able and generous services of the court-appointed counsel. Thank you so much, and of course, Counsel, for representing your side as well. We'll come down and greet Counsel and proceed to our next case.
judges: Roger L. Gregory, James A. Wynn Jr., Pamela A. Harris